**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN THE MATTER OF | No. CV-06-1913-PHX-FJM |
| PETER JON PORTER<br>KIMBERLY ANN PORTER | BK NO 04-15273-RTB |
| Debtors, | ADV. NO. 06-00504 and 06-00533 |
| L.C. COHEN | **ORDER** |
| Appellant, | |
| vs. | |
| PETER JON PORTER,<br>KIMBERLY ANN PORTER, | |
| Appellees. | |

The court has before it appellant's opening brief (doc. 14) and appellees' response (doc. 15). We also have before us appellant's motion to disqualify attorney James Syme, Jr. (doc. 13), and appellant's motion to strike appellees' response to the opening brief (doc. 16).

First, appellant moves to disqualify attorney Syme. Although Syme represented the appellees in the bankruptcy proceeding, he has not appeared as an attorney of record in this case, nor is he required to do so. See Ariz. R. Bankr. P. 9010-1(a). The docket caption

1 indicating that Syme represents appellees is in error[1] and the clerk is instructed to correct the
2 docket showing that appellees are appearing pro se. The motion to disqualify attorney Syme
3 is denied as moot (doc. 13).

4 Appellees filed a pro se response to appellant's opening brief. They are not required
5 to seek leave of the court to proceed pro se, even if they were represented by counsel before
6 the bankruptcy court. The motion to strike appellees' response is denied (doc. 16).

7 This is an appeal from the bankruptcy court's dismissal of appellant's two adversary
8 proceedings. On June 8, 2006, the bankruptcy court granted appellant's motion to reopen
9 debtor's administrative case, denied appellant's request to waive adversary filing fees, and
10 ordered appellant to pay the $250.00 filing fee for each of the two adversary actions within
11 ten days or the cases would be dismissed. On July 17, 2006, the bankruptcy judge dismissed
12 both adversary proceedings for non-payment of filing fees. (<u>Bankruptcy Record</u> ("<u>BR</u>")
13 (doc. 3, attachment 2 at 17). Appellant now contends that the bankruptcy court erred in
14 refusing to waive the filing fees and in denying his motion to consolidate the adversary
15 proceedings.      The bankruptcy court denied appellant's motion to waive the adversary
16 filing fee based on its conclusion that a bankruptcy court may not authorize a proceeding in
17 forma pauperis. Under 28 U.S.C. § 1915(a), "any court of the United States may authorize
18 the commencement, prosecution or defense of any suit . . . without prepayment of fees." A
19 "court of the United States" is defined as "the Supreme Court of the United States, courts of
20 appeals, district courts constituted by chapter 5 of this title." 28 U.S.C. § 451. In <u>Perroton</u>
21 <u>v. Gray (In re Perroton)</u>, 958 F.2d 889, 896 (9th Cir. 1992), the court held that a bankruptcy
22 court is not a "court of the United States" under § 451 and thus it does not have authority to
23 waive fees under § 1915(a). Appellant's reliance on <u>United States v. Yochum (In re</u>
24 <u>Yochum)</u>, 89 F.3d 661 (9th Cir. 1996), is unavailing in that <u>Yochum</u> involved the authority
25 of a bankruptcy court to award attorney's fees pursuant to 26 U.S.C. § 7430, which is

26 ─────────────
27 [1]Presumably Syme is erroneously listed in the docket caption because of references
to Syme in appellant's notice of appeal. This does not make Syme an attorney of record in
28 this case.

- 2 -

1 distinguishable from a bankruptcy court's authority to waive filing fees under 28 U.S.C. §
2 1915(a). Id. at 669 (noting that Perroton is distinguishable because the definition of "court"
3 under 28 U.S.C. § 451 does not apply to the Internal Revenue Code).

4     We reject appellant's argument that the imposition of a filing fee violated his
5 constitutional rights. The Supreme Court has held that due process does not require the
6 waiver of filing fees for indigent civil litigants involving gratuitous government benefits,
7 rather than underlying constitutional rights. See United States v. Kras, 409 U.S. 434, 93 S.
8 Ct. 631 (1973) (indigent seeking discharge in bankruptcy); Ortwein v. Schwab, 410 U.S. 656,
9 93 S. Ct. 1172 (1973) (indigent seeking appellate review of agency decision reducing welfare
10 benefits). The bankruptcy court did not err in denying the waiver of filing fees.

11     Appellant also challenges the bankruptcy court's denial of his motion to consolidate
12 his two adversary proceedings, each of which required a separate filing fee. The bankruptcy
13 court denied the motion to consolidate, stating that "[i]f the adversaries are identical or one
14 is otherwise not necessary, the matters should not be consolidated, instead, the plaintiff
15 should pick one and proceed accordingly." BR (doc. 3, attachment 2 at 18). Appellant did
16 not "pick one" as suggested by the bankruptcy court. Instead, he failed to file a fee for either
17 adversary proceeding. The court did not err in denying the motion to consolidate.

18     **IT IS THEREFORE ORDERED AFFIRMING** the judgment of the bankruptcy
19 court.

20     **IT IS FURTHER ORDERED DENYING** appellant's motion to disqualify attorney
21 Syme (doc. 13), and **DENYING** appellant's motion to strike appellees' response (doc. 16).

22
23     DATED this 9th day of March, 2007.
24
25                         Frederick J. Martone
                        United States District Judge
26
27
28